## OMA L. WALKER v. J. S. HOLBROOK.[1]

### June 18, 1915.

### Nos. 19,240—(159).

**Employment as surgeon — evidence — question for jury.**

1. The evidence relating to defendant's employment by plaintiff *held* sufficient to present the issue to the jury. If so employed defendant owed plaintiff the duty of exercising reasonable care and skill, and the question as to whether or not he performed that duty was properly submitted to the jury.

[1] Reported in 153 N. W. 305.

---

Note.—Generally for cases passing upon the degree of care and skill required of a physician or surgeon, see note in 37 L.R.A. 830. And as to the degree of skill and care required of a specialist, see note in 20 L.R.A.(N.S.) 1030.

For cases passing upon the liability of physician or surgeon where foreign material is left in incision, see note in 46 L.R.A.(N.S.) 611.

As to liability of operating surgeon for negligent acts of interne or hospital nurse in caring for patient, see note in 27 L.R.A.(N.S.) 1174. And as to liability of a physician or surgeon for acts of associate, see note in 42 L.R.A. (N.S.) 785.

**Same — evidence.**

2. Although conflicting, the evidence was such that the jury could properly find that defendant was performing the operation in question jointly with Dr. Bjelland, and not merely as an assistant.

**Malpractice — charge to jury.**

3. The trial court properly submitted the case to the jury, on the theory that plaintiff was injured by the failure of defendant to exercise reasonable care and skill, which duty devolved upon the defendant under the circumstances.

**Reasonable care — degrees.**

4. The law requires reasonable care. But this care must be proportionate to the risks to be apprehended and guarded against. The degree of care must be commensurate with the circumstances under which the transaction is had, the seriousness of the undertaking and the dangers to be anticipated. Reasonable care may thus under certain circumstances and conditions be the highest degree of care. Wiita v. Interstate Iron Co. 103 Minn. 303.

**Custom of surgeons — evidence.**

5. Evidence that defendant followed the usual practice of surgeons in leaving the care of the sponges to the nurses; and that such was the general practice among good surgeons up to the period when the operation was performed; and that good surgeons at the time of the trial still followed that custom, *held* proper under the circumstances, but not conclusive upon the court or the jury. "General custom is not as a matter of law in itself due care." Wiita v. Interstate Iron Co. supra.

**Reasonable care — question for jury.**

6. The issue as to what was reasonable care under the circumstances was properly submitted to the jury under instructions not unfavorable to defendant.

**Assignments of error.**

7. Other assignments of error examined and matters therein set forth *held* not prejudicial error.

Action in the district court for Blue Earth county to recover $5,000 for malpractice. The case was tried before Pfau, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. L. & J. W. Schmitt* and *Kerr, Fowler, Schmitt & Furber,* for appellant.

*S. B. Wilson,* for respondent.

SCHALLER, J.

In the month of November, 1912, plaintiff was operated on for appendicitis and other troubles. Dr. A. O. Bjelland and defendant were the operating surgeons. In some way, not explained, a piece of gauze (sometimes denominated a sponge), was left in the body of the plaintiff and remained there until nearly a year afterward. One of the incisions made during the operation never healed. The presence of foreign matter, though the wound was inspected, was not demonstrated until parts of the gauze began to come from the wound. Dr. Bjelland died during the year 1913. Plaintiff, in January, 1914, brought this action against the defendant, alleging negligence. The case was tried to a jury which returned a verdict for the plaintiff in the sum of $1,000. A motion for judgment for the defendant notwithstanding the verdict or for a new trial was made and denied. Defendant appeals.

The assignments of error may properly be reduced to three contentions: First. That there was no contractual relation between plaintiff and defendant; second, that defendant was not in charge of the operation; was merely an assistant of the operating suregon, Dr. Bjelland, and merely did the things which he was told to do, and that consequently the negligence or want of care, if any, was that of Dr. Bjelland; third, that a certain custom obtained in the hospital where this operation was performed and that defendant and Dr. Bjelland conformed to that custom and to the practice and custom of reasonably skilled and careful operating surgeons at the time that the operation was performed.

1. The evidence relating to the employment of defendant is somewhat unsatisfactory. It was, however, sufficient to present the issue to the jury which could properly find that defendant was employed by Dr. Bjelland, acting on the suggestion of plaintiff. If this be true, he owed plaintiff the duty of exercising reasonable care and skill, and the question as to whether or not he performed that duty was for the jury.

2. The evidence is conflicting as to whether or not defendant was employed by Dr. Bjelland on his own motion or at the suggestion of the plaintiff. Whether or not defendant was merely an assistant to

Dr. Bjelland, employed by him on his own initiative, doing only the things that he was told to do, so as to free him from any charge of negligence, was, under the evidence, a question for the jury. There was evidence tending to show that defendant actively participated in the operation; that he consulted with the operating surgeon; that he assisted in sewing up the wounds, and that he handled the instruments and did other things, from which, if the jury believed the testimony, it could find that he was performing the operation jointly with Dr. Bjelland.

3. The theory on which the action was tried· and submitted to the jury was that plaintiff was injured by the failure of defendant to exercise reasonable care and skill, a duty resting upon the defendant under the circumstances.

The trial court properly submitted the case on this theory. Defendant, whether at the invitation of plaintiff or of Dr. Bjelland, associated himself with the latter and took an active part in the operation. In thus undertaking to act, he owed to plaintiff the duty of performing the operation with the reasonable care and skill which ordinary surgeons use under such circumstances. It is not charged that there was any lack of skill. The evidence all points to want of care. The law requires reasonable care. But this care must be proportionate to the risks to be apprehended and guarded against. The degree of care must be commensurate with the circumstances under which the transaction is had, the seriousness of the undertaking and the dangers to be anticipated. Reasonable care may thus under certain circumstances and conditions be the highest degree of care. Wiita v. Interstate Iron Co. 103 Minn. 303, 115 N. W. 169.

The court charged the jury that:

"If the defendant in this case had a part in that operation, it was necessary for him to use on that occasion ordinary care under the circumstances of the case; such care as the ordinary physician would give in the performance of that operation, and it was the duty of the defendant to see to it that the sponges were removed that were placed in the body of the plaintiff on that occasion. I say see to it. By this I mean that he should use ordinary precaution and care that they were so removed on that occasion, and the leaving of the matter

to the nurses at the time in question, whether or not that was such ordinary care as should have been used by him, I leave for you to determine from all the circumstances and surroundings of this case; I would say to you, that in addition to the fact of having left the count to the nurses, it was his duty to take ordinary care himself to see that the sponges were removed from her person which had been placed in her. It would not be a defense to the defendant in this case that he simply turned over this duty, of seeing to it that the sponges were removed to someone else; it would be his duty to see to it himself, and the fact that they had nurses there for this purpose, and that they did this, should be taken into consideration by you in passing upon the question of whether or not ordinary care was used on the occasion in question."

The foregoing charge is certainly as favorable as the defendant could ask on the issues therein presented. The court left to the jury the question, whether or not the things that were done in accordance with the custom evidenced ordinary care, and the jury was instructed that all these matters should be taken into consideration. We cannot say that on this branch of the case any injury was done to the defendant.

It is insisted that defendant and Dr. Bjelland followed the usual practice of surgeons in leaving the count of the sponges to the nurses; and that such was the general practice among good surgeons up to the period when the operation was performed; and that good surgeons at the time of the trial still followed that custom. Evidence of these facts was proper under the circumstances, but we do not think that it was conclusive upon the court or the jury. "General custom is not as a matter of law in itself due care." Wabash Ry. Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. ed. 605. "What usually is done may be evidence · f what ought to be done; but what ought to be done is fixed by a standard of reasonable prudence, whether it is usually complied with or not." Mr. Justice Holmes, in Texas & P. Ry. Co. v. Behymer, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. ed. 905; Wiita v. Interstate Iron Co. supra; Boos v. Minneapolis, St. P. & S. S. M. Ry. Co. 127 Minn. 381, 149 N. W. 660.

It follows that, having actively engaged in performing the opera-

tion, defendant owed to the plaintiff the duty of exercising reasonable care. The question, what was reasonable care under the circumstances, was properly submitted to the jury under instructions as favorable as defendant was entitled to request.

Other assignments of error challenge certain rulings of the trial court on the admission of testimony. Others except to certain portions of the court's charge to the jury; others are aimed at the refusal of the court to give certain requested instructions, still others at the granting of certain requests made by plaintiff. An examination of the record fails to disclose any prejudicial error.

Order affirmed.