KATHERINE BAER v. W. M. CHOWNING.[1]

January 26, 1917.

Nos. 20,127—(210).

**Physician and surgeon — action for malpractice — evidence of negligence.**

    1. The evidence is *held* sufficient to sustain a finding that the defendant in a malpractice case was negligent in failing to remove from the body gauze packs or sponges used in a surgical operation and a portion of a rubber drainage tube.

**Damages not excessive.**

    2. The damages are not excessive.

**Evidence — refusal to instruct jury.**

    3. There were no prejudicial errors in rulings on evidence or in the refusal of instructions.

Action in the district court for Hennepin county to recover $15,000 for malpractice. The case was tried before Leary, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall* and *Charles H. Weyl,* for appellant.
*John G. Priebe* and *George T. Simpson,* for respondent.

DIBELL, C.
Action for malpractice. Verdict for the plaintiff. Defendant ap-

[1]Reported in 161 N. W. 144.

peals from the order denying his alternative motion for judgment or a new trial.

1. On August 14, 1914, the defendant performed an abdominal operation upon the plaintiff. Two incisions were made, one in front and one in the side. The one in the side did not heal. A fistulous opening developed. On July 14, 1915, another surgeon performed an operation. He found in the abdominal cavity, according to his testimony, a gauze pack or sponge which had been used in the operation and a portion of a rubber drainage tube. This testimony made the question of the defendant's negligence for the jury. Walker v. Holbrook, 130 Minn. 106, 153 N. W. 305.

2. The verdict was for $2,500. The plaintiff's suffering has been severe. She has been incapacitated for work. If her testimony and that of others is credited she is still in bad health and in a nervous and enfeebled condition and far from well. There is no direct testimony that her suffering or her condition resulted from the leaving of the pack and the tube in the body. It was a matter of fair inference for the jury. As soon as they were removed the wound healed and pains became less. Perhaps the verdict is large. We cannot say that it is excessive.

3. Errors are alleged in rulings on evidence and upon requests to charge.

Objections to some of the evidence as to the manner in which the plaintiff kept her house and cared for her children might well enough have been sustained. As quoted out of its connection in the assignments of error and brief, the evidence suggests an inquiry which might be harmful; but when examined in the connection in which it was given we are clear that there was no prejudicial error. It is not of a character requiring detailed discussion.

The court in its charge limited the right to recover to negligence in leaving the pack or sponge and the tube in the body. There were no other claims of negligence. It was not claimed that the defendant was unskilful or negligent in the performance of the operation. The issue being as stated there was no error in the refusal of the particular instructions requested.

Order affirmed.