MAUD FOWLER v. N. H. SCHELDRUP.[1]

February 11, 1926.

No. 25,024.

**Evidence sufficient to support verdict that surgeon's negligence was proximate cause of trouble.**

A surgeon performed a vaginal operation on plaintiff. Two metal clips used as sutures were left in the neck of the womb where they remained for more than three years. She suffered pain. She had hemorrhages. She was made ill. Upon their removal her trouble ceased. *Held*: (1) Evidence sufficient to justify the jury in finding that defendant inserted the clips and failed to remove them. (2) Evidence sufficient to support a finding by the jury that the presence of such clips was the proximate cause of her trouble.

Physicians and Surgeons, 30 Cyc. pp. 1587 n. 78; 1588 n. 85.

[1] Reported in 207 N. W. 177.

Action in the district court for Hennepin county to recover damages for malpractice. The case was tried before Montgomery, J., who directed a verdict in favor of defendant. Defendant appealed from an order granting a new trial. Affirmed.

*Briggs, Weyl & Briggs* and *A. V. Junkin,* for appellant.

*L. A. Door* and *Lindquist & Nordstrom,* for respondent.

WILSON, C. J.

This is an appeal from an order setting aside a directed verdict and granting a new trial based exclusively upon errors occurring at the trial as indicated by the order and memorandum of the trial court.

On March 20, 1920, defendant, a surgeon, performed a vaginal operation upon plaintiff. The following are among the things which defendant concedes he did: Curetment of the womb, application of carbolic acid and iodine to the inside of the womb, opening of the abdomen for other necessary purposes, elevation of the uterus to normal position, elimination of adhesions between the lower part of the large bowel and the womb, removal of appendix and an ovarian tumor.

Plaintiff was released from the hospital in April. Three or four weeks later she had a hemorrhage and upon a personal application to the doctor was told by him that in the operation he had done everything necessary to prevent such hemorrhages and could not understand why she should have them. The medicines he prescribed helped, but hemorrhages continued, occurring about every three weeks and lasting a week or ten days. As a result she became weak and was confined to her bed most of the time until in September, 1920. The trouble remained. She continued to use the medicine under defendant's direction until the fall of 1923. Plaintiff was unable to work, although she did part work for about nine months of that period. She suffered pain which was intense at the time of a hemorrhage. She was made ill. About September 18, 1923, she discovered that two metal surgical clips were attached in the cervex or neck of the womb. Such clips are used as sutures to hold flesh together until there is a natural union when they are

ordinarily removed. With this discovery she called at defendant's office, but he was not there. She then went to another physician and surgeon who made a vaginal examination and by introducing a speculum into the vagina he found the clips at the place stated. They were dark and showed evidence of considerable corrosion. At the point of insertion of the clips there was an erosion of the tissues. The evidence shows that such erosion produced a certain amount of irritation and breaking down of the tissues which tended to cause bleeding. A week later plaintiff gave the clips to defendant and told him she thought she had found the trouble which had caused the hemorrhages and he said: "Oh, no, they would do no harm." After the clips were removed plaintiff had no hemorrhages. Defendant denies that he used the clips. He denies many of plaintiff's statements and says that in his opinion the presence of the clips would not have caused the hemorrhages.

Upon the record we are asked to determine whether there is evidence to take the case to the jury as to negligence of the defendant and as to whether plaintiff's trouble was a proximate result thereof.

1. The evidence is sufficient to justify the jury in finding that defendant inserted the clips and failed to remove them. They were metal. They remained with plaintiff for over three years. She suffered. The facts make a prima facie case of failure to exercise care in the removal of the clips after they had served their purpose. Walker v. Holbrook, 130 Minn. 106, 153 N. W. 305.

2. This case does not require a finding of lack of skill; merely a want of care. Defendant, as a surgeon, does not attempt to justify the retention of the clips in service for such length of time. He denies responsibility for their presence. If the jury should find that he is responsible for their presence, the evidence will warrant a finding that they were the proximate cause of her trouble. The evidence is weak as to the hemorrhages resulting from their presence. The fact that the trouble ceased upon the removal of the clips is important and persuasive. We think under all the circumstances the evidence is sufficient. Defendant gave his opinion that the presence of the clips would not cause the hemorrhages. But this

is a case where the expert opinion of the defendant is not necessarily controlling. It is for the consideration of the jury.

Affirmed.