EUGENE D. MILLER v. LYLE A. TONGEN, M. D.

161 N. W. (2d) 686.

September 27, 1968—No. 40,930.

*James G. Paulos,* for appellant.

*Altman, Geraghty, Leonard & Mulally, J. H. Geraghty,* and *James M. Corum,* for respondent.

OTIS, JUSTICE.

This is a malpractice suit seeking damages against a surgeon for having left a sponge in plaintiff's chest cavity following a thoracotomy. The verdict was for defendant, and plaintiff appeals from the judgment and from orders denying judgment notwithstanding the verdict or a new trial.

On January 28, 1964, defendant removed from plaintiff's lung a cancerous tumor about the size of an orange. The day following the operation, a routine X ray disclosed a surgical sponge in plaintiff's chest cavity. On February 2, Dr. Tongen reopened plaintiff's incision and with the help of the X ray found and removed the sponge. At the same time he removed clotted blood, old fibrin, and fibrous material, by which procedure the healing process was enhanced. Plaintiff had an uneventful recovery except for the development of anxiety which plaintiff alleges resulted from his concern over the second operation.

At the end of the testimony, plaintiff moved for a directed verdict on the issue of liability, arguing that failure to remove the sponge was negligence as a matter of law. The motion was denied. The court instructed the jury that whether failure to remove the sponge was negligence was a fact question for them to decide.

On appeal, plaintiff recognizes that under existing Minnesota law failure to remove a sponge is not negligence per se or negligence as a matter of law. However, plaintiff urges us to overrule our prior decisions and adopt a position contrary to them. Walker v. Holbrook, 130 Minn. 106, 109, 153 N. W. 305, 306; Baer v. Chowning, 135 Minn. 453, 161 N. W. 144; Fowler v. Scheldrup, 166 Minn. 164, 207 N. W. 177; Bush v. Cress, 181 Minn. 590, 233 N. W. 317; Brossard v. Koop, 200 Minn. 410, 274 N. W. 241.

In the Brossard case a gauze pack was left in a wound and a verdict awarding damages was recovered against the attending surgeons. No

sponge count had been taken. We held that a charge which imposed on the surgeons the burden of showing their conduct was excusable was erroneous but not prejudicial. There, we reaffirmed the doctrine that plaintiff has the burden of proving defendant's negligence and rejected the rule, here urged by plaintiff, that leaving a sponge in a wound is negligence per se, citing McCormick v. Jones, 152 Wash. 508, 278 P. 181, 65 A. L. R. 1019, on which plaintiff particularly relies.

We have recently had occasion to discuss the rule of res ipsa loquitur in connection with two malpractice cases. Miller v. Raaen, 273 Minn. 109, 139 N. W. (2d) 877; Hoffman v. Naslund, 274 Minn. 521, 144 N. W. (2d) 580. Plaintiff indicated during defendant's case in chief that he would ask for an instruction applying the res ipsa rule, but no request was made following the conclusion of defendant's testimony.[1] Plaintiff did, however, renew a motion for a directed verdict, which was denied.

In the posture in which we find the instant case, we hold it was not error to deny plaintiff's motion for a directed verdict. Whether the res ipsa rule is applicable in situations of this kind, or whether an instruction on prima facie negligence would have been appropriate, we need not decide. No request for such a charge was made.

The circumstances attendant on the failure to remove a sponge in the case at hand demonstrate the propriety of refusing to hold that an oversight of this kind is negligence as a matter of law.[2] This was a difficult and demanding operation. It required 5 hours of surgery. Because of a prior injury, plaintiff had developed a granitelike layer of calcium. It encompassed his lung and had the consistency of bone about an inch thick. It was necessary to remove two ribs and to approach the lung with a mallet and chisel. In separating the lung from this bony substance, there was a great loss of blood. During the operation half of plaintiff's blood supply was replenished by transfusions amounting to nearly 4 quarts. In these unusual circumstances, 100 sponges were used. They be-

---

[1] See, also, Prosser, Torts (3 ed.) § 39, p. 231, note 21; Louisell and Williams, Trial of Medical Malpractice Cases, § 14.06, p. 439, note 52, and p. 442, note 68; Annotations, 162 A. L. R. 1299 and 82 A. L. R. (2d) 1315.

[2] The cases are annotated at 10 A. L. R. (3d) 9, 19, 22, 23, 41, and 78.

came saturated and difficult to detect. The responsibility for counting them was that of a nurse on whom the doctor necessarily relied after expressly determining from her that all of the sponges were accounted for.[3] Before closing the wound, the doctor himself attempted to verify the sponge count by thoroughly examining the chest cavity, but he neither felt any nor saw that one remained. When the missing sponge was ultimately retrieved, it was found to be the same color as the surrounding tissue, tucked out of sight in one of the "nooks and crannies around parts of the chest cavity." On this record we are not disposed to deviate from a rule which would permit a jury to find such an oversight excusable.

■ Plaintiff also assigns as error the court's instruction with respect to defendant's standard of care. Counsel for plaintiff asked the court whether it was going to require the jury to apply the professional standard of care required of a thoracic specialist. The court inquired whether counsel was requesting such a charge, to which counsel replied, "No, I am not. Ordinary negligence is better for me." Plaintiff now asserts that the charge given was error involving fundamental law within the meaning of Rule 51, Rules of Civil Procedure. However, we are of the opinion that Rule 51 has no application where the charge is not the result of an unintentional misstatement or verbal error or omission. This was a matter which was called to the court's attention and in which plaintiff acquiesced. Under such circumstances, he is not now in a position to claim an inadvertent oversight.

Affirmed.

---

[3] It is conceded that any negligence attributable to the nurse was imputed to the doctor.