**Elizabeth L. BISHER, Appellant,**

v.

**HOMART DEVELOPMENT CO.,**
**etc., Respondent.**

No. 81–1246.

Supreme Court of Minnesota.

Jan. 14, 1983.

Bonner Law Offices and Roger J. Aronson, Minneapolis, for appellant.

Foster, Waldeck, Lind & Humphrey and Peter E. Lind, Minneapolis, for respondent.

SIMONETT, Justice.

In this personal injury "fall down" case, the jury found plaintiff 43% causally negligent, defendant 57%, and awarded $10,000 damages. On post-trial motions, the trial court granted defendant judgment notwithstanding the verdict and, if the order were set aside on appeal, then a new trial on liability only. Plaintiff appeals. We affirm the order for judgment notwithstanding the verdict.

On February 10, 1979, appellant-plaintiff, Elizabeth L. Bisher, age 68, tripped and fell while shopping at the Burnsville Shopping Center, owned by the defendant, Homart Development Company. Mrs. Bisher was with her daughter and 9-year-old granddaughter. After being on the premises for about 2 hours, the two women and the child were walking in the common walkway area near the Dayton store, proceeding towards the Sears store at the other end of the mall. Mrs. Bisher was following behind her daughter and grandchild. In some fashion, Mrs. Bisher walked into a low brick border that enclosed a planter of green plants, tripped and fell into the planter, injuring herself.

Colored photographs put in evidence best describe the scene, but this written description will have to do. Part of the common walkway area of the mall is converted into a sunken seating area surrounded by the brick enclosed planter which has an irregular shape of more than four sides and which separates the seating area from the wide common walkway. The outer edge or border of this planter consists of a single row of 3½-inch high bricks. Inside the border is a dirt area with a planting of green plants. The inside border of the planter consists of a brick wall about 36 inches high. The bricks comprising the low outer border are a light, sandy color. The common walkway area consists of varicolored, somewhat

darker brownish bricks of a smoother texture.

Mrs. Bisher says she does not recall seeing the planter, neither the bricks nor the plants, before her fall. She says she was just walking along looking ahead or maybe at the shops to her left, when "I struck my foot on one of these bricks, and I landed in the planter."

The planter area near the Dayton store where Mrs. Bisher fell is similar to other planter areas elsewhere in the shopping center, of which Mrs. Bisher says she was generally aware. On the day of the accident, the count of cars at the center was 16,195. Since 1977 when the shopping center opened until the time of trial in October 1981, there has been only one accident reported similar to plaintiff's and that occurred in October 1979, after plaintiff's accident.

As mentioned, the jury found Mrs. Bisher 43% negligent and defendant Homart 57%. The trial judge granted defendant judgment notwithstanding the verdict. The standard for reversing the trial judge's ruling is as follows:

> To determine the propriety of an order denying judgment notwithstanding the verdict, the applicable standard is whether there is any competent evidence reasonably tending to sustain the verdict. A motion for judgment notwithstanding the verdict admits every inference reasonably to be drawn from the evidence as well as the credibility of the testimony for the adverse party. Unless we are able to determine that the evidence is practically conclusive against the verdict, or that reasonable minds could reach but one conclusion against the verdict, the trial court's order denying the motion for judgment notwithstanding the verdict should stand.

*Seidl v. Trollhaugen, Inc.,* 305 Minn. 506, 507, 232 N.W.2d 236, 239 (1975), *citing Brown v. Arthur Schuster, Inc.,* 300 Minn. 106, 217 N.W.2d 850 (1974). *See also Sandhofer v. Abbott-Northwestern Hospital,* 283 N.W.2d 362, 365 (Minn.1979); *Parkside Mobile Estates v. Lee,* 270 N.W.2d 758, 761 (Minn.1978).

■ Conversely, the trial court's *granting* of a motion for judgment notwithstanding the verdict should stand where there is no competent evidence reasonably tending to sustain the verdict. *Sikes v. Garrett,* 262 N.W.2d 681, 683 (Minn.1977).

Here the trial judge reasoned that "viewing the evidence most favorable to Plaintiff, I find a clear and conclusive want of negligence on the part of Defendant." In other words, the threshold issue, which we find also to be the dispositive issue, is whether there is any competent evidence reasonably tending to sustain the verdict. If not, we need not reach the further question of whether, if both parties were negligent, the jury's apportionment of fault may stand—a different question entirely.

■ In assessing the landowner's duty to use reasonable care for the safety of persons invited on the premises, the following factors are to be considered: (1) the circumstances under which the person enters the premises (for what purpose); (2) foreseeability or possibility of harm; (3) duty to inspect, repair or warn; (4) the reasonableness of inspection or repair; and (5) opportunity and ease of repair or correction. *Peterson v. Balach,* 294 Minn. 161, 174 n. 7, 199 N.W.2d 639, 648 n. 7 (1972). We have stated:

> Breach of duty such as to constitute negligence in the keeping of the premises reasonably safe is not proved by the mere occurrence of an accident. Negligence must be predicated on what should have been reasonably anticipated, not merely on what happened [citation omitted]. The duty is to guard, not against all possible consequences, but only against those which are reasonably to be anticipated in the normal course of events.

*Johnson v. Evanski,* 221 Minn. 323 at 326, 22 N.W.2d 213 at 215 (1946).

■ Here, we agree with the trial court that there simply is no evidence of negligence on the part of the defendant. We so hold. There was no evidence presented to establish that the planter was a hazard or

trap by reason of its design or construction. The planter was in plain view, obvious in its presence, and had presented no problem for the heavy customer traffic that has existed since 1977, except for the one other accident that occurred after plaintiff's. To place warning signs at each corner of the multi-cornered planter would be ridiculous. To add, say, another level of bricks to the 3½-inch high border would have made no difference to plaintiff's lookout and would not have prevented plaintiff's fall.

Appellant's counsel suggested that the brick border was similar in color to the brick walkway and therefore not noticeable, especially since the adjacent shop windows could distract a passerby. The colors, however, as shown on the photographs, are not as similar as appellant would have it, and the planter area is further delineated by the green foliage background. Indeed, Mrs. Bisher admitted on cross-examination that there was a "distinctive difference" in color between the floor bricks and the planter border bricks. Further, in the context of this case, Mrs. Bisher's claim of distraction goes only to diminish any fault on her part rather than to create any fault on the part of defendant.

Appellant, as well as the dissenting opinion, relies on *Krengel v. Midwest Automatic Photo, Inc.,* 295 Minn. 200, 203 N.W.2d 841 (1973), but we do not find the case in point. In *Krengel,* the plaintiff customer, while entering a photo booth in a Woolworth store, tripped and fell over a 1¼-inch riser. The floor of the booth was black in color, as was the riser or step-in portion of the booth where one enters; thus the black color of the interior booth floor blended deceptively with the black color of the entrance riser. In *Krengel,* the trial court denied defendant's motion for judgment notwithstanding the verdict in favor of plaintiff and we affirmed. *Krengel* deals with a change in elevation not clearly visible in an area where a customer has to walk; the customer has to cross the riser to enter the booth; there was a difference in elevation of adjacent floors. In this appeal, on the other hand, not only was the change in elevation clearly visible but the change in elevation was not in the area where Mrs. Bisher had to walk; the difference in height was not in the walkway but at the edge of the walkway, marking its border. Mrs. Bisher, instead of proceeding in the walkway parallel to the sides of the planter, in some unknown fashion, walked into the clearly visible planter. In these circumstances, the presence of the planter is not negligence on the part of the store owner.

Affirmed.

YETKA, Justice (dissenting).

I dissent. In this case, the plaintiff tripped over a brick riser that surrounded a flowerbed along a walkway in a shopping center. The jury found the defendant shopping center 57% negligent, plaintiff 43% negligent, and awarded $10,000 in damages. The trial court then set aside the verdict and ordered judgment notwithstanding the verdict.

To affirm the trial court, we must find that the defendant was not negligent at all or, alternatively, that plaintiff alone was negligent in causing the injury. Moreover, we must find the defendant's lack of negligence to be a fact on which reasonable men could not differ. I find such a finding incredible in light of the jury's apportionment of negligence at 57% to the defendant and also in light of our holding in *Krengel v. Midwest Automatic Photo, Inc.,* 295 Minn. 200, 203 N.W.2d 841 (1973). In *Krengel,* we affirmed a jury verdict for the plaintiff under almost identical circumstances.

In my opinion, the trial court usurped the role of the jury. By affirming the trial court, we are compounding the error and, in effect, overruling a case less than 10 years old. I would thus reverse and reinstate the verdict.

SCOTT, Justice (dissenting).

I agree with the dissent of Justice Yetka.

WAHL, Justice (dissenting).

I join the dissent of Justice Yetka.