Kenneth D. OLSON, Appellant,

v.

CITY OF AUSTIN, et al., Respondents.

No. C6–85–1690.

Court of Appeals of Minnesota.

May 13, 1986.

Steven S. Fuller, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for appellant.

William J. Baudler, Baudler, Baudler & Maus, Austin, for respondents.

Considered and decided by POPOVICH, C.J., and FORSBERG, and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge

This is an appeal from entry of a judgment notwithstanding the verdict following a jury's inconsistent answers to interrogatories on a special verdict form. Appellant contends the trial court erred in granting respondent's motion for JNOV. We reverse and remand for a new trial.

## FACTS

Appellant Kenneth Olson was arrested by Austin police officers on April 18, 1980, and charged with disorderly conduct and resisting arrest. He pleaded guilty to dis-

orderly conduct; the resisting arrest charge was dropped. Appellant claims police kicked and beat him, pushed him onto the ground, kicked him into a squad car and maced him in the face while handcuffed in the back seat of the squad car. He brought this action alleging assault and battery and a violation of his civil rights under 42 U.S.C. § 1983, as well as other claims.

This incident occurred when Olson objected to the arrest of a friend following an altercation outside the Theater Bar in Austin. Olson testified that as he attempted to touch the arm of a police officer to get his attention, another officer grabbed him from behind and either tripped or threw him to the ground. Olson said two or three officers piled on him, handcuffed him and then kicked and hit him. He said he was eventually lifted to his feet by someone grabbing the cuff chain and pulling him up. He testified that when police forced him into the squad car, he struck his head against the roof edge. He then fell and was kicked into the back of the car.

Olson testified that when the officer picked him up he was in pain and heard cartilage in his shoulder blades crack. He said he thought his arm was broken and though he complained of pain in his arms, head and eyes, police did not take him to a hospital or offer any other medical attention. He testified he was "tossed onto the floor" of a jail cell, while still handcuffed. According to Olson, the jailer also refused to help him and he eventually used water from the cell's toilet to wash his burning eyes and bloody face.

The police officers denied beating appellant or using any excessive force. Two officers testified Olson grabbed one of the officers by the arm before they grabbed him. They testified that Olson was maced twice while in the police car. None of the officers admitted to using his nightstick on anyone at the altercation.

Two eyewitnesses stated that Olson had been kicked and lifted by the handcuff chain. Both witnesses testified they did not see police hit Olson with fists or with a nightstick. They also said Olson was loud and boisterous.

The officers testified Olson did not directly request medical assistance, although several of them said they heard him screaming and complaining about pain in his arms.

Following the testimony, the court dismissed Olson's claims of intentional infliction of emotional distress and negligent supervision of the officers by the city. It submitted the claims of assault and battery and violation of civil rights to the jury in a special verdict form.

The special verdict interrogatories and the jury's answers were as follows:

1. Did the defendant police officers commit an assault and battery upon the plaintiff?

   Answer: No.

2. What, if any, damages did plaintiff sustain as a result thereof?

   Answer: $0.

3. Did the defendant, City of Austin, violate the civil rights of plaintiff?

   Answer: Yes.

4. What, if any, damages did Plaintiff sustain as a result thereof?

   Answer: $9,000.

5. What punitive damages, if any, should be awarded to Plaintiff?

   Answer: $1,000.

The trial court ordered judgment for appellant, finding that the respondents had violated his civil rights by using excessive force and by denying him medical assistance.

Respondents moved for judgment notwithstanding the verdict, contending the jury's negative answer to question 1 on assault and battery precluded an affirmative answer to question 3, and that the answers to questions 3, 4, and 5 were not supported by the evidence. The trial court granted the motion for JNOV, finding insufficient evidence to support a violation of appellant's civil rights.

## ISSUE

Did the trial court err in entering judgment notwithstanding the verdict?

## ANALYSIS

The jury was instructed, as to the claim of assault and battery, that the police officers could use "reasonable force" in effecting a lawful arrest. Regarding the § 1983 claim, they were instructed that appellant had to establish that the officers used "excessive and unnecessary force to arrest him and hold him thereafter."

The jury's verdict can be reconciled only if a distinction can be made between unreasonable force and excessive or unnecessary force. Although appellant argues that the jury could have found a § 1983 violation based on the denial of medical assistance, the jury was not instructed on this theory, nor was it argued by appellant's counsel, and appellant did not object to the lack of such an instruction. Similarly, there was no instruction on negligent misuse of authorized force, nor any claim that the officers' actions were other than intentional. *Cf. Wilson v. Beebe,* 743 F.2d 342, 350 (6th Cir.1984) (holding cocked pistol to suspect's head showed reckless disregard for suspect's rights).

A jury's answers in a special verdict should be reconciled if there is any basis for doing so. *Hauenstein v. Loctite,* 347 N.W.2d 272, 275 (Minn.1984). It is difficult, however, to distinguish between "unreasonable" and "excessive" force. *See Paradise v. City of Minneapolis,* 297 N.W.2d 152, 155 (Minn.1980) (quoting statute forbidding unnecessary restraint and statute prohibiting unreasonable force and equating both with "excessive force"). Even if a distinction can be made, all indications are that the standard for a violation of the arrestee's civil rights is the higher standard. *See Occhino v. U.S.,* 686 F.2d 1302, 1311 (8th Cir.1982) (Civil Rights Act does not impose liability for a mere violation of state tort law); *Henry v. City of Minneapolis,* 512 F.Supp. 293, 296 (D.Minn.1981) (a tort must be of "constitutional magnitude" to afford relief under

section 1983). Thus, the trial court correctly concluded that the jury could not find a violation of section 1983 without finding a common law assault and battery. The court erred, however, in ruling there was insufficient evidence as a matter of law to support a finding of a violation of Olson's civil rights.

Where the answers on a special verdict are irreconcilable, the trial court may change one of the answers if *the evidence* establishes as a matter of law that the finding cannot stand. *Orwick v. Belshan,* 304 Minn. 338, 344, 231 N.W.2d 90, 94–95 (1975). The trial court, however, relied on the jury's finding that no assault and battery occurred in granting JNOV on the civil rights claim.

The evidence would have supported a verdict for appellant on either claim if the jury believed his testimony and discredited that of the police officers. Thus it could not be said that reasonable minds could not have differed as to the outcome. *See Lamb v. Jordan,* 333 N.W.2d 852, 855 (Minn.1983). The jury was faced with a determination of relative credibility, as to which reasonable minds may differ. Moreover, it is not the function of the trial court on the post-trial motion to judge the credibility of the witnesses. *Id.* Nor could it change one of the jury's inconsistent answers by assuming the correctness of the other.

## DECISION

The trial court erred in ordering judgment notwithstanding the verdict. The action is remanded for a new trial.

Reversed and remanded.