**HAZELDEN FOUNDATION, Appellant,**

v.

**Patricia L. MELEEN, Respondent.**

**No. CO–88–1599.**

Supreme Court of Minnesota.

Jan. 31, 1989.

Kay Nord Hunt, Phillip A. Cole, Paul C. Peterson, Minneapolis, for appellant.

Donna L. Robak, Minneapolis and Richard T. Wylie, Bloomington, for respondent.

## OPINION

POPOVICH, Justice.

This is a certified question from the United States District Court, District of Minnesota, Fourth Division, pursuant to Minn. Stat. § 480.061 (1986). The following question was certified to this court:

> Does the statutory bar of Minnesota Statutes, § 148A.03(d), extend to claims by a former employee, a pyschotherapist, for wrongful termination of employment, defamation, negligence, intentional and negligent infliction of emotional distress, and violation of civil rights when those claims are asserted against that therapist's former employer?

We answer the question in the negative.

## I.

In the certifying order of July 25, 1988, the following summary of facts gives rise to the certified question:

From June 15, 1983, until June 7, 1987, plaintiff Patricia Meleen was employed as a chemical dependency counselor by defendant Hazelden Foundation (Hazelden), a Minnesota chemical dependency treatment facility. In December 1986, Hazelden was contacted by a former patient whom plaintiff had counseled during his participation in defendant's aftercare program. The patient alleged that plaintiff had sexual contact with him immediately following his departure from the aftercare program.[1] In April 1987, plaintiff was suspended from

her job with pay pending the conclusion of defendant's investigation of the patient's allegations. For the purposes of this inquiry, it is assumed that the investigation was conducted in good faith. Based upon this investigation, plaintiff was terminated from her employment with Hazelden on June 3, 1987. On October 16, 1987, plaintiff commenced this action against defendant alleging wrongful termination of employment, defamation, negligence, intentional and negligent infliction of emotional distress, and violation of her civil rights.

In its answer to the complaint, defendant Hazelden asserts that plaintiff's claims are barred by Minnesota Statutes § 148A.03(d).

## II.

Minn.Stat. § 148A provides, in pertinent part:

148A.02 CAUSE OF ACTION FOR SEXUAL EXPLOITATION.

*A cause of action against a psychotherapist for sexual exploitation exists for a patient or former patient for injury caused by sexual contact with the psychotherapist,* if the sexual contact occurred:

(1) during the period the patient was receiving psychotherapy from the psychotherapist; or

(2) after the period the patient received psychotherapy from the psychotherapist if (a) the former patient was emotionally dependent on the psychotherapist; or (b) the sexual contact occurred by means of therapeutic deception.

\*    \*    \*    \*    \*    \*

148A.03 LIABILITY OF EMPLOYER.

(a) An employer of a psychotherapist may be liable under section 148A.02 if:

(1) the employer fails or refuses to take reasonable action when the employer knows or has reason to know that the psychotherapist engaged in sexual contact with the plaintiff or any other patient or former patient of the psychotherapist; or

---

1. In March 1987, following settlement discussions between defendant and the patient, any claims which the patient may have had against Hazelden and its employees were resolved and are not at issue with respect to the question certified herein.

(2) the employer fails or refuses to make inquiries of an employer or former employer, whose name and address have been disclosed to the employer and who employed the psychotherapist as a psychotherapist within the last five years, concerning the occurrence of sexual contacts by the psychotherapist with patients or former patients of the psychotherapist.

(b) An employer or former employer of a psychotherapist may be liable under section 148A.02 if the employer or former employer:

(1) knows of the occurrence of sexual contact by the psychotherapist with patients or former patients of the psychotherapist;

(2) receives a specific written request by another employer or prospective employer of the psychotherapist, engaged in the business of psychotherapy, concerning the existence or nature of the sexual contact; and

(3) fails or refuses to disclose the occurrence of the sexual contacts.

(c) An employer or former employer may be liable under section 148A.02 only to the extent that the failure or refusal to take any action required by paragraph (a) or (b) was a proximate and actual cause of any damages sustained.

(d) *No cause of action arises, nor may a licensing board in this state take disciplinary action, against a psychotherapist's employer or former employer who in good faith complies with this section.*

Minn.Stat. §§ 148A.02, 148A.03 (1986) (emphasis added).

Respondent Meleen argues that § 148A.03(d) ("subdivision (d)"), which bars a cause of action against an employer who in good faith complies with the statute, applies only to a cause of action brought by a former patient, not a former employee. The explicit language of the statute supports respondent's argument. The statute does not discuss suits by a psychotherapist employee against the employer. In fact the statute clearly provides that "[a] cause of action against a psychotherapist for sex-

ual exploitation exists for *a patient or former patient* for injury caused by sexual contact with the psychotherapist * * *." Minn.Stat. § 148A.02 (1986) (emphasis added). No mention is made of a cause of action by a psychotherapist employee against the former employer.

In addition, the statute sets forth in section 148A.03 the circumstances under which an employer may be vicariously liable for actions taken by a psychotherapist employee under section 148A.02. Suits under section 148A.02 are limited by the words of the statute to those initiated by "a patient or former patient." Respondent argues that an employer's liability and immunity under section 148A.03 is also limited to those suits as a result of the reference to section 148A.02. Appellant Hazelden argues that the immunity language in subdivision (d) is broad enough to encompass all causes of action brought against an employer, even those initiated by a psychotherapist. However, this intent is not clear from the language of the statute since only suits by patients and former patients against a psychotherapist's employer are explicitly discussed.

The legislative history of this statute does not provide clear guidance as to the intent behind this immunity provision. Our review indicates that subdivision (d) was only discussed at the February 4, 1986, meeting of the Senate Subcommittee on Civil Law. In that discussion the subcommittee hypothesized about the effect of subdivision (d) on suits brought against an employer for release of information protected under the Data Practices Act. *See* Hearings on Senate File No. 1619, 1986 Minn.Legis., February 4, (audio tape). A memorandum from senate counsel to members of the Judiciary Committee concludes that the immunity provisions of subdivision (d) would not create any significant changes from the protections already available for employer communications under common law doctrines. Letter from Senate Counsel to Members of the Judiciary Committee (Feb. 12, 1986) (memorandum regarding privileged communications by employers). Neither the discussion by the subcommittee nor the language of the memorandum reflects a clear intent by the

legislature to grant full-scale immunity to employers from any suit brought by a terminated psychotherapist employee.

Nor is the title of the act of assistance in discerning the intent of the legislature. The title reads: "An act relating to civil and criminal actions; providing a cause of action for sexual exploitation * * *." 1986 Minn. Laws ch. 372. The title does not indicate the law provides immunity for any person. This court has previously stated that in construing a statute "courts cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971). *See also* Minn.Stat. § 645.16 (1986). In this case the legislature gave no indication that suits by a psychotherapist employee against an employer are to be included within the immunity protection of subdivision (d). We cannot assume a legislative intent that is not evidenced by the words of the statute or the legislative history surrounding its enactment.

We hold that the immunity language in section 148A.03(d) does not bar a suit by a psychotherapist employee against a former employer for wrongful termination of employment, defamation, negligence, intentional and negligent infliction of emotional distress, and violation of civil rights. Evidence that the employer acted reasonably and in good faith under the statute can be presented as a defense to these claims under the common law rules for each cause of action. Such potential findings, however, do not automatically act as a bar against a psychotherapist employee commencing an action against the employer.

If our holding is inconsistent with the intent of the legislature, we invite it to amend the statute in the current legislative session to explicitly include claims by a psychotherapist employee against a former employer within the protection of section 148A.03(d).

Certified question answered.