**Patricia L. MELEEN, Appellant,**

v.

**HAZELDEN FOUNDATION, Appellee.**

No. 90–5386.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1991.

Decided March 18, 1991.

Donna L. Roback, Minneapolis, Minn., for appellant.

Kay Nord Hunt, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Patricia L. Meleen appeals from a final order entered in the District Court [1] for the District of Minnesota granting summary judgment in favor of Hazelden Foundation (Hazelden). *Meleen v. Hazelden Foundation*, 740 F.Supp. 687 (D.Minn.1990) (order). For reversal Meleen argues the district court erred in (1) misinterpreting Hazelden's written employment policies, (2) finding Hazelden properly investigated the allegations against her, (3) holding she failed to present any evidence of actual malice in support of her defamation claim, and (4) holding she failed to present any evidence in support of her claims of negligent and intentional infliction of emotional distress. For the reasons discussed below, we affirm the judgment of the district court.

Hazelden operates a chemical dependency clinic. Meleen was employed by Hazelden as a clinical chemical dependency counselor. Hazelden's written employment policies prohibited unprofessional and unethical conduct, including sexual contact between patients and counselors, established a procedure for investigating reported incidents of sexual contact and provided progressive disciplinary sanctions for violations, including dismissal for gross violations. In December 1986 a former patient alleged that Meleen had initiated a social and sexual relationship with him within one year of his discharge. Pursuant to its written employment policies, Hazelden appointed a committee of three Hazelden counselors to investigate the allegation of sexual contact against Meleen. In April 1987 Hazelden informed Meleen of the allegation against her and suspended her with pay. The committee members conducted independent interviews of the former patient, Meleen and others. Although Meleen vigorously denied any improper relationship or

1. The Honorable James R. Rosenbaum, United States District Judge for the District of Minnesota.

sexual contact with the former patient, the committee concluded that Meleen had had a sexual relationship with the former patient in violation of Hazelden's written employment policies. Hazelden asserts that it offered Meleen a nonclinical position and, when she refused such a position, dismissed her.

In October 1987 Meleen filed this diversity action in federal district court alleging wrongful termination of employment, defamation, negligence, civil rights violations, negligent infliction of emotional distress, and intentional infliction of emotional distress. Hazelden moved for summary judgment on the grounds that Meleen's claims were barred by Minn.Stat. § 148A.03(d) (1986). The district court certified that question to the Minnesota Supreme Court. The state supreme court held that Minn. Stat. § 148A.03(d), which barred causes of action against a psychotherapist's employer who conducted a good faith investigation of allegations of sexual exploitation, was limited to suits by the patient and did not extend to claims by the psychotherapist against the employer. *Hazelden Foundation v. Meleen*, 435 N.W.2d 53, 56 (Minn. 1989). In May 1989 the district court granted partial summary judgment in favor of Hazelden on the negligence and civil rights violations claims. Discovery proceeded. Hazelden renewed its motion for summary judgment on the remaining claims.

The district court granted summary judgment in favor of Hazelden on Meleen's remaining claims. The district court construed Hazelden's written employment policy prohibiting sexual contact between patients and counselors to supplement the requirement set forth in another written employment policy that an employee could only be dismissed for "good cause." 740 F.Supp. at 691. The district court further found that Hazelden followed its written employment policies in investigating the former patient's allegations of sexual contact and conducted the investigation in good faith. *Id.* at 691-692. The district court also found that Meleen failed to present any evidence of malice in support of her defamation claim. *Id.* at 692-693. The district court also concluded that, in the absence of a defamation claim, Meleen had no basis for a negligent infliction of emotional distress claim, *id.* at 693, and that she had failed to present any evidence of "extreme and outrageous conduct" in support of her claim of intentional infliction of emotional distress. *Id.* at 693-694. This appeal followed.

For reversal Meleen argues the district court erred in granting summary judgment in favor of Hazelden. We have carefully reviewed the record in light of her arguments on appeal, and we agree with the analysis of the district court. Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 47B.