Charlotte COVEY, et al., Appellants,

v.

DETROIT LAKES PRINTING COMPANY, A DIVISION OF FORUM PUBLISHING COMPANY, Respondent.

No. C4–92–380.

Court of Appeals of Minnesota.

Aug. 25, 1992.

Zenas Baer, Janis Clay, Wefald & Baer, Hawley, for appellants.

H. Patrick Weir, Harlan G. Fuglesten, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., for respondent.

Considered and decided by SHORT, P.J., and AMUNDSON and HARTEN, JJ.

## OPINION

SHORT, Judge.

This lawsuit arises from the publication of a news article by the Detroit Lakes Printing Company (newspaper). Charlotte Covey, Kevin Lee Covey, Kirk Severt Haugen and Kenneth Andrew Covey (appellants) argue the trial court erred by (1) denying their motion for judgment notwithstanding the verdict, (2) denying their motion for new trial, (3) refusing to enter judgment on the jury's answers to negligence questions and (4) dismissing their claims for intentional and negligent infliction of emotional distress and punitive damages. We affirm.

## FACTS

The newspaper published an article about local reaction to a murder in Lake Park, Minnesota. Although the murder occurred outside the trailer home of Curtis Covey, the article did not identify him by name. Rather, the article contained (a) numerous references to the "Covey Clan," (b) a description of "the Covey home" as the site of wild, nightly parties, and (c) anonymous statements expressing local fear of "the Coveys." Appellants are relatives of Covey and live in Lake Park. After receiving a complaint about the article from appellants, the newspaper printed a retraction stating the article referred to the trailer home of Curtis Covey and apologizing for any confusion about the identity of the occupants of the trailer home.

Appellants sued the newspaper for negligent defamation, negligent and intentional infliction of emotional distress, and libel per se. Following discovery, the trial court granted summary judgment against appellants on their claim for intentional infliction of emotional distress. At the close of appellants' case, the trial court directed verdicts against appellants on all claims except the claim for negligent defamation. In answers to a special verdict form, the jury found: (a) a reader of the newspaper could not reasonably understand the article to refer to appellants; (b) the newspaper was negligent in publishing the article; (c) the newspaper's negligence was a direct cause of harm to appellants; and (d) damages of approximately $100,000 for appellants' mental distress, embarrassment and humiliation. Based upon the jury's determination that the article could not be read to refer to appellants, the trial court dismissed the negligent defamation claim and refused to award damages to appellants.

Following trial, several jurors contacted the trial judge and appellants' attorney expressing dismay with the result. The jurors said they had compromised on the verdict and believed appellants should receive damages. Appellants moved for a *Schwartz* hearing and filed motions for judgment notwithstanding the verdict,

amended judgment, and new trial. The trial court denied appellants' motions.

## ISSUES

I. Is the evidence practically conclusive against the verdict?

II. Did the trial court abuse its discretion in denying appellants' motion for new trial?

III. Did the trial court err when it refused to enter judgment on the negligence answers?

IV. Did the trial court err by granting judgment for the newspaper on appellants' claims for intentional and negligent infliction of emotional distress and punitive damages?

## ANALYSIS

### I.

On appeal from an order denying a motion for judgment notwithstanding the verdict, we will uphold the trial court's order if there is competent evidence reasonably tending to sustain the verdict. *Bisher v. Homart Dev. Co.*, 328 N.W.2d 731, 733 (Minn.1983) (citations omitted). We must view the evidence in the light most favorable to the verdict. *Id.* Unless we determine the evidence is practically conclusive against the verdict, or that reasonable minds could only reach a conclusion against the verdict, the trial court's denial of the motion for judgment notwithstanding the verdict should stand. *Id.* Because it is the jury's function to determine credibility, review of a jury verdict is even more limited when the decision rests upon weighing the credibility of witnesses. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 256 (Minn.1980).

Appellants argue the evidence does not support the jury's finding that no reasonable reader of the newspaper article could understand it to refer to appellants. We disagree. The record demonstrates: (a) the newspaper article does not mention appellants; (b) several witnesses testified they knew the article did not refer to appellants; and (c) other witnesses testified they

understood the article to refer to Curtis Covey. Under these facts, there is competent evidence reasonably tending to sustain the verdict. While some witnesses testified the absence of a first name created confusion, it is for the jury to weigh the credibility of the witnesses. Viewing the evidence in the light most favorable to the verdict, we cannot say the evidence is practically conclusive against the verdict or reasonable minds can reach only one conclusion.

## II.

■■■■ Motions for a new trial should be reluctantly granted by a trial court. *See Leuba v. Bailey*, 251 Minn. 193, 207–08, 88 N.W.2d 73, 83 (1957). The granting of a new trial rests largely within the discretion of the trial court and a trial court's decision will be reversed only for a clear abuse of discretion. *See Jack Frost, Inc. v. Engineered Bldg. Components Co.*, 304 N.W.2d 346, 352 (Minn.1981); *Gunhus, Grinnell v. Engelstad*, 413 N.W.2d 148, 153 (Minn.App. 1987), *pet. for rev. denied* (Minn. Nov. 24, 1987). Our review of the trial court's denial of a motion for new trial is more limited than our review of the trial court's denial of a motion for judgment notwithstanding the verdict. *Ryko Mfg. Co. v. Eden Servs.*, 823 F.2d 1215, 1221–22 (8th Cir.1987).

Appellants argue the trial court abused its discretion in denying their motion for a new trial because: (a) the verdict was inconsistent; (b) the verdict form was irregular; and (c) there were evidentiary errors at trial.

### A. The Verdict

■■■■ Appellants contend the verdict is contradictory because it was illogical for the jury to find no reasonable person could believe the article referred to appellants, but still find the newspaper was negligent and that negligence was a direct cause of harm to appellants. We disagree. The Seventh Amendment to the United States Constitution requires us to view this case in a way that reconciles, if possible, the jury's answers to special interrogatories. *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963); *Wagner v. International Harvester Co.*, 611 F.2d 224, 229 (8th Cir.1979). The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. *Lutterman v. Studer*, 300 Minn. 507, 510, 217 N.W.2d 756, 759 (1974). Thus, the jury's answers will be set aside only if perverse and palpably contrary to the evidence. *See Hauenstein v. Loctite Corp.*, 347 N.W.2d 272, 275 (Minn.1984); *Tsudek v. Target Stores, Inc.*, 414 N.W.2d 466, 469 (Minn.App.1987), *pet. for rev. denied* (Minn. Dec. 18, 1987).

We note at least one reading of the verdict that is consistent. The jury may have answered the questions as it did because it found (a) the article did not refer to appellants, (b) the newspaper was negligent in its preparation of the article, (c) appellants were embarrassed by the article because it publicly cast their relatives in a negative light, and (d) damages as if appellants had proven their case. *See Tsudek*, 414 N.W.2d at 469–70 (trial court properly refused to disturb verdict where jury found no slander but nevertheless awarded damages). Because the jury's answers to the special verdict questions can be reconciled in a manner consistent with the evidence and its fair inferences, the denial of a new trial must stand.

### B. The Special Verdict Form

■■■■ The particular wording of the special verdict form is left to the discretion of the trial court. *See Green Tree Acceptance, Inc. v. Wheeler*, 832 F.2d 116, 118 (8th Cir.1987); *Senf v. Bolluyt*, 419 N.W.2d 645 (Minn.App.1988), *pet. for rev. denied* (Minn. April 15, 1988). If a party fails to object to the special verdict form at trial, the right to object to the form on appeal is waived. *See Thielbar v. Juenke*, 291 Minn. 129, 137, 189 N.W.2d 493, 498 (1971); *Krein v. Raudabough*, 406 N.W.2d 315, 319 (Minn.App.1987).

Appellants also argue the trial court abused its discretion in denying their motion for a new trial because the verdict form was irregular. Specifically, appellants contend: (1) the submission of the

negligence questions was really a request for an advisory opinion; (2) the jury should have been told of the effect of a negative finding; and (3) the form itself resulted in jury confusion and compromise as suggested by the jurors after deliberations. We disagree. First, appellants made no objection to the submission of the special verdict form. *See Martineau v. Nelson,* 311 Minn. 92, 247 N.W.2d 409, 416 n. 16 (1976). Second, appellants opposed efforts by the newspaper to clarify the form to instruct the jury to skip the negligence and damages questions in the event they failed to find for appellants on the defamation claim. *See Miller v. Tongen,* 281 Minn. 427, 430, 161 N.W.2d 686, 688 (1968). And third, jurors cannot impeach their own verdict just because they misunderstood the legal effect of that verdict. *See Bianchi v. Nordby,* 409 N.W.2d 835, 837 (Minn.1987). Under these facts, the trial court did not abuse its discretion by using the special verdict form.

### C. Evidentiary Error

 Evidentiary rulings are committed to the trial court's discretion, and will not be reversed on appeal absent an abuse of discretion. *See Reinhardt v. Colton,* 337 N.W.2d 88, 93 (Minn.1983). Before error in exclusion of evidence may be grounds for a new trial, it must appear that such evidence might reasonably have changed the result of the trial if it had been admitted. *See Jenson v. Touche Ross & Co.,* 335 N.W.2d 720, 725 (Minn.1983). If the offered evidence or testimony is only collateral and not material to the main issues, a new trial is not warranted. *See* Minn.R.Civ.P. 61; *Hendrickson v. Magney Constr. Co.,* 402 N.W.2d 194, 196 (Minn. App.1987).

Appellants argue the trial court erred by excluding expert testimony as to whether a reader could reasonably understand the article to refer to appellants. We disagree. The trial court properly excluded expert testimony on that subject because such an opinion would not assist the trier of fact in formulating a correct resolution of the question raised. *See* Minn.R.Evid. 702. In addition, the trial court allowed numerous witnesses to testify about their understanding of the article. Given the extensive evidence admitted on this issue, any error in the exclusion of evidence on this issue did not affect the substantial rights of appellants.

### III.

 Essential to any defamation action is a determination that the alleged defamatory statement concerns or is understood to concern the plaintiff. Restatement (Second) of Torts § 564 (1977); *see Stuempges,* 297 N.W.2d at 257 (defamatory statement must tend to harm plaintiff's reputation). Contrary to appellants' assertions, a negligent defamation action is not a standard negligence action. *See Jadwin v. Minneapolis Star & Tribune Co.,* 367 N.W.2d 476, 491–92 (Minn.1985). Before the jury determines negligence, it must determine that the alleged defamatory statement could be understood to refer to the plaintiff. Having determined that threshold issue, the jury may proceed to the negligence questions. *See id.* at 491–92.

Appellants argue we should ignore the jury's answers to the defamation questions and enter judgment on the jury's answers to the negligence questions. However, we will not favor one part of the verdict over another. *See Olson v. City of Austin,* 386 N.W.2d 815, 816 (Minn.App.1986) (refusing to ignore inconsistent verdict answers in favor of entering judgment on answers favorable to plaintiff). Nor can we change the legal effect of the jury findings because several jurors believed appellants should receive damages. *See Bianchi,* 409 N.W.2d at 837 (trial court properly denied request to impeach verdict where jurors misunderstood legal effect of damage calculation). The jury is to make findings of fact regardless of the ultimate effect of those findings upon the outcome. Minn. R.Civ.P. 49.01(a). While it is unfortunate the relationship among the questions was not clarified as requested by the newspaper at trial, the fact that some jurors were unhappy with the final result does not change the validity of the findings. We conclude the trial court did not err when it

refused to enter judgment for appellants based upon the negligence finding.

## IV.

The trial court granted summary judgment in favor of the newspaper on appellants' claim for intentional infliction of emotional distress. The trial court also granted a directed verdict on appellants' claim for negligent infliction of emotional distress. Appellants challenge both decisions.

### A. Intentional Infliction of Emotional Distress

To recover damages for intentional infliction of emotional distress, appellants must show extreme and outrageous conduct which is intentional or reckless and caused them severe emotional distress. *See Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 439–39 (Minn.1983). While the newspaper may have been wrong in failing to fully identify Covey and may have used anonymous quotes too freely, this conduct is not so atrocious that a reasonable person could not be expected to endure it. *See id.* at 439. The record demonstrates appellants were embarrassed and nervous as a result of publication of the article, but none of the appellants has sought psychiatric, psychological, or other treatment for distress. Under these undisputed facts, none of appellants' injuries reaches the level of severity required by law. *See id.* The trial court thus properly granted summary judgment in favor of the newspaper.

### B. Negligent Infliction of Emotional Distress

In reviewing a directed verdict, we must make an independent determination of whether the evidence presented at trial was sufficient to present a factual question for the jury. *Nemanic v. Gopher Heating & Sheet Metal, Inc.,* 337 N.W.2d 667, 669 (Minn.1983). All evidence favorable to appellants, and all reasonable inferences that can be drawn from this evidence, must be accepted as true. *See State Bank of Cologne v. Schrupp,* 375 N.W.2d 48, 51 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 13, 1985) (citing *Chemlease Worldwide Inc. v. Brace, Inc.,* 338 N.W.2d 428, 432 (Minn.1983)). A directed verdict may be upheld only if it clearly would be the duty of the trial court to set aside a contrary verdict as against the weight of the evidence or as contrary to law. *Nemanic,* 337 N.W.2d at 670; *State Bank of Cologne,* 375 N.W.2d at 51.

Generally, a claim for negligent infliction of emotional distress must be premised upon a physical manifestation of distress. *Leaon v. Washington County,* 397 N.W.2d 867, 875 (Minn.1986). Where there is no physical manifestation of distress, a plaintiff may still proceed if the defendant has directly invaded the plaintiff's legal rights, such as in cases of defamation, malicious prosecution, or willful misconduct. *State Farm Mut. Auto Ins. Co. v. Village of Isle,* 265 Minn. 360, 367–68, 122 N.W.2d 36, 41 (1963). The evidence of physical manifestations of distress in this case is minimal: appellant Charlotte Covey complained that she developed compulsive scratching and was reluctant to venture out into local areas after the article appeared in the paper. None of the other appellants testified to any physical manifestations of distress. Despite this minimal showing, the trial court should have allowed appellants' claim for negligent infliction of emotional distress to proceed to the jury because of the underlying defamation claim. *See id.* at 367–68, 122 N.W.2d at 41.

The trial court's error in granting a directed verdict, however, is harmless given the jury's decision on the defamation claims. A negligent infliction of emotional distress claim based on the same facts as a failed defamation claim cannot survive. *See Meleen v. Hazelden Found.,* 928 F.2d 795, 797 (8th Cir.1991) (affirming summary dismissal of negligent infliction of emotional distress claim where defamation claim also dismissed). In view of our decision, we need not address appellants' argument on punitive damages.

## DECISION

There is competent evidence reasonably tending to sustain the verdict. The jury's answers to the special verdict questions can be reconciled in a manner consistent with the evidence and its fair inferences. The trial court did not err when it refused to enter judgment for appellants on the jury's answers to the negligence questions. The evidence does not support a claim for intentional infliction of emotional distress. A negligent infliction of emotional distress claim based on the same facts as a failed defamation claim cannot survive.

Affirmed.