Andre GILMORE, Appellant,

v.

WALGREEN CO., Respondent.

No. A07–2387.

Court of Appeals of Minnesota.

Jan. 20, 2009.

David Rochlin, Rochlin Law Firm, Ltd., Edina, MN, for appellant.

William L. Davidson, Brian A. Wood, Matthew S. Frantzen, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; KLAPHAKE, Judge; and WORKE, Judge.

## OPINION

LANSING, Judge.

The district court granted summary judgment dismissing Andre Gilmore's negligence claim against Walgreen Co. (Walgreens) for injuries that Gilmore sustained when he tripped over an empty pallet located adjacent to the customer-service counter in a Walgreens store. On appeal from summary judgment, Gilmore argues that the district court erred when it determined that he did not present a genuine issue of material fact on the question of whether Walgreens owed Gilmore a duty to take actions that would have prevented the injury. Because the evidence would allow a reasonable fact-finder to conclude that Walgreens' employees should have anticipated the harm to Gilmore and taken steps to prevent his injury, we reverse and remand.

## FACTS

Andre Gilmore provided evidence of the following facts, which are accepted as true for summary judgment. Gilmore went to a Walgreens store in St. Paul in October 2004 to purchase a disposable camera. After entering the store, he turned left and walked about 100 feet to the customer-service area. On his way to the counter, he observed cash registers on his right and left, stepped over some bags of candy that were strewn on the floor, and saw a display of fake pumpkins stacked about two feet high.

When Gilmore approached the counter, the employee behind the counter was assisting other customers. Gilmore waited about ninety seconds. While he was waiting, he looked around and noticed that there were four or five VHS tapes on the floor nearby, but he saw nothing else on the floor. When it was his turn, Gilmore asked the employee behind the counter where the disposable cameras were located. The employee pointed over Gilmore's shoulder and said, "They're right over there." Gilmore turned and took about one and a half steps forward and "the next thing [he] knew, [he] was on the ground." He had tripped on an empty pallet that was on the floor near the counter.

The pallet was black and gray and was about two feet wide, three feet long, and five or six inches high. The floor underneath the pallet was white. Normally, the pallet is stacked with merchandise. But the pallet had been temporarily left empty that day because the employees "were switching over from Halloween merchandise to Christmas merchandise."

Gilmore sustained injuries from his fall and sued Walgreens. He alleged that Walgreens acted negligently by failing to make the property safe for customers and by failing to warn of dangerous conditions. Walgreens moved for summary judgment, arguing that the complaint should be dismissed because the evidence, viewed in the light most favorable to Gilmore, did not establish the duty element of his negligence claim. The district court agreed and granted Walgreens' motion. Gilmore appeals.

## ISSUE

Did the district court err when it determined that Gilmore did not present a genuine issue of material fact on the question of whether Walgreens exercised reasonable care to prevent the harm?

## ANALYSIS

■ On appeal from summary judgment, we determine whether the evidence, "viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Osborne v. Twin Town*

*Bowl, Inc.,* 749 N.W.2d 367, 371 (Minn. 2008); *see also* Minn. R. Civ. P. 56.03 (setting forth summary judgment standard). "In a negligence action, the defendant is entitled to summary judgment when the record reflects a complete lack of proof on any of the four essential elements of the claim: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) [that] the breach of the duty [was] the proximate cause of the injury." *Schafer v. JLC Food Sys., Inc.,* 695 N.W.2d 570, 573 (Minn.2005).

■■ The district court granted Walgreens' motion for summary judgment on the ground that the evidence, viewed in the light most favorable to Gilmore, did not establish that Walgreens had a duty to take actions that would have prevented the harm. A possessor of land owes invitees a duty "to exercise reasonable care to construct and to maintain his premises in a reasonably safe condition for their use." *Bonniwell v. St. Paul Union Stockyards Co.,* 271 Minn. 233, 238, 135 N.W.2d 499, 502 (1965). The scope of the duty is defined by the probability or foreseeability of injury to the invitee. *Hanson v. Christensen,* 275 Minn. 204, 212, 145 N.W.2d 868, 874 (1966). The possessor must "act as a reasonable person in view of the probability of injury to persons entering upon the property." *Peterson v. Balach,* 294 Minn. 161, 174, 199 N.W.2d 639, 647 (1972).

■ Consistent with this rule, a possessor of land is generally not liable to invitees for physical harm caused to them by a condition on the land if the danger posed by the condition is obvious or known to the invitees. *Zuercher v. N. Jobbing Co.,* 243 Minn. 166, 171, 66 N.W.2d 892, 896 (1954). In *Peterson v. W.T. Rawleigh Co.,* however, the supreme court adopted the rule set forth in Restatement (Second) Torts § 343A (1965), clarifying that a possessor is liable to an invitee for harm caused by a known or obvious condition if the possessor should have "anticipate[d] the harm despite such knowledge or obviousness." 274 Minn. 495, 496–97, 144 N.W.2d 555, 557 (1966).

The *Peterson* court indicated that whether a possessor should have anticipated harm to an invitee depends in part on the extent of the condition's obviousness. *Id.* If the obviousness is so great that a reasonable person would not anticipate harm to an invitee, the possessor is not expected to anticipate harm. *Id.* at 497, 144 N.W.2d at 558 (noting that "there are situations which are so obviously dangerous the owner has no duty to warn an invitee"). But, if the obviousness is not sufficiently great, "the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection." *Id.* "This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition." *Id.*

The facts in *Peterson* did not require consideration of whether a possessor has a duty to reasonably anticipate that an invitee may be distracted when he encounters the known or obvious condition. *Id.* at 497–98, 144 N.W.2d at 558. But other Minnesota cases establish that the potential for distraction should factor into the reasonable-care analysis. *See, e.g., Lincoln v. Cambridge–Radisson Co.,* 235 Minn. 20, 23, 49 N.W.2d 1, 3 (1951) (holding that it would not be unreasonable to find condition in hotel lunchroom unsafe because invitee would be distracted); *Ober v. The Golden Rule,* 146 Minn. 347, 348, 178 N.W. 586, 586 (1920) (holding that sufficient evidence supported jury's finding of negligence when invitee had tripped on frame in department store because she was distracted by displayed goods).

*Peterson,* in adopting Restatement (Second) of Torts § 343A, specifically referred

to comment f, which addresses the land possessor's duty to warn an invitee or take other reasonable steps to protect the invitee when the possessor has reason to expect that the invitee will suffer physical harm from the known or obvious condition. 274 Minn. at 497, 144 N.W.2d at 557–58. Comment f also states that a possessor may have a reason to anticipate harm to an invitee "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts § 343A cmt. f (1965). An example in the comment illustrates this point:

> The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.

*Id.*, illus. 2. Comment f also embodies the principle that the obviousness of the danger is factored into the allocation of negligence between the parties, but it is not conclusive on the question of the possessor's duty or whether the possessor acted reasonably under the circumstances. *Id.* We expressly rely on that principle in analyzing whether Gilmore presented sufficient evidence to withstand summary judgment. Under the reasonable-care standard, a possessor has a duty to act as a reasonable person in anticipating whether the invitee will be distracted to the point that he will not discover what is obvious, will forget what he has discovered, or will fail to protect himself.

■ The supreme court has acknowledged that the distinction between an obvious condition that requires anticipation of harm and an obvious condition that does not require anticipation of harm "is a fine one." *Baber v. Dill,* 531 N.W.2d 493, 496 (Minn.1995). Nonetheless, the analysis must be undertaken. *Id.* The distinction is crucial to determining whether a duty exists. *Sutherland v. Barton,* 570 N.W.2d 1, 7 (Minn.1997); *Adee v. Evanson,* 281 N.W.2d 177, 179–80 (Minn.1979). The issue of whether the possessor could have anticipated harm despite the obviousness of the danger posed is a question for the fact-finder. *Olmanson v. LeSueur County,* 693 N.W.2d 876, 881 (Minn.2005); *cf. Bjerke v. Johnson,* 742 N.W.2d 660, 667 n. 4 (Minn.2007) (noting that broader issue of whether defendant has duty is generally question of law).

■ It is undisputed that the pallet Gilmore tripped over was an obvious condition. It is also undisputed for the purposes of summary judgment that, if Walgreens' employees acted negligently by failing to take reasonable steps to prevent Gilmore's injury, Walgreens is vicariously liable for its employees' actions. *See Urban v. Am. Legion Dep't of Minn.,* 723 N.W.2d 1, 4 (Minn.2006) (noting that employer may be vicariously liable for torts that employee commits within course and scope of employment). Thus, the issue presented is whether the evidence viewed in the light most favorable to Gilmore would allow a reasonable fact-finder to conclude that Walgreens' employees should have anticipated the harm to Gilmore, despite the obviousness of the pallet, and taken preventative steps. It is not essential that Walgreens' employees should have anticipated the "particular method in which an accident would occur." *Hanson,* 275 Minn. at 212, 145 N.W.2d at 874. Rather the evidence is sufficient if it would allow a fact-finder to conclude that Walgreens' employees

should have anticipated the possibility of the accident. *Id.*

We conclude that the evidence raises a genuine issue of material fact. The evidence includes an employee's testimony that, if he would have been the person to empty the pallet, he would have "moved the pallet so that customers wouldn't trip over it," that he "wouldn't want to leave it out there so it would be sitting in the middle of the store," that moving the pallet out of the walkway was "common sense," and that Walgreens recognizes the commercial importance of impulse sales and sets up displays to attract the attention of customers as they are walking through the store. Additionally, Gilmore testified at his deposition that, even though he ably negotiated other obstacles in the store, he tripped over the pallet and injured himself when he was looking to see where the employee was pointing. From this evidence, a fact-finder could determine under the reasonable-care standard that Walgreens' employees should have anticipated the possibility of the accident and taken steps to prevent it.

Walgreens argues that summary judgment must be affirmed because this case is indistinguishable from two other cases in which courts have determined as a matter of law that the possessor could not be expected to anticipate that an obvious condition would cause harm to an invitee: *Bisher v. Homart Dev. Co.*, 328 N.W.2d 731, 732–34 (Minn.1983), and *Engleson v. Little Falls Area Chamber of Commerce*, 362 F.3d 525, 528–30 (8th Cir.2004). But *Bisher* and *Engleson* are distinguishable on their facts.

In *Bisher*, the supreme court determined that the evidence was insufficient to support the verdict of negligence when the invitee had tripped on a three-and-a-half-inch-high brick border that enclosed a planter of green plants in a shopping cen-ter. 328 N.W.2d at 732–34. Significantly, the *Bisher* court emphasized that the planter area was "delineated by the green foliage background" and declared that "[t]o place warning signs at each corner of the multi-cornered planter would be ridiculous." *Id.* at 734. Unlike the brick border in *Bisher*, the pallet that Gilmore tripped over did not surround a decorative feature. And, in contrast to the suggestion in *Bisher* that taking additional steps to protect invitees would have been ridiculous, Gilmore presented evidence that a Walgreens employee believed moving the pallet out of the walkway was "common sense."

In *Engleson*, the Eighth Circuit applied Minnesota law to determine that a city had no duty to warn a pedestrian who tripped over a bright orange, twenty-eight-inch cone that was intended to separate pedestrian traffic from vehicular traffic at a city fair. 362 F.3d at 528–29. The Eighth Circuit emphasized that "the cone itself was a warning marker" and that the plaintiff did not identify any "distractions the [c]ity could have anticipated would cause a reasonably prudent pedestrian to trip on a visible safety cone." *Id.* at 529. Gilmore's case is distinguishable because the primary purpose of the empty pallet was not to warn people of danger and because the evidence would allow a fact-finder to conclude that Walgreens' employees should have anticipated distractions that would cause a reasonably prudent person to trip.

For these reasons we conclude that Walgreens is not entitled to summary judgment. Gilmore presented a genuine issue of material fact on the question of whether Walgreens was negligent in failing to take steps to prevent the harm caused by the pallet.

## DECISION

Because the reasonable-care standard imposes a duty on a possessor of land to

act as a reasonable person in anticipating whether an invitee will be distracted when he encounters a known or obvious condition, the evidence in this case is sufficient for a reasonable fact-finder to conclude that Walgreens' employees should have anticipated the harm to Gilmore and taken steps to prevent his injury.

**Reversed and remanded.**